Oleg Elkhunovich (269238)
Michael Gervais (330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3193
Facsimile: (310) 789-3150
oelkhunovich@susmangodfrey.com
mgervais@susmangodfrey.com

James T. Southwick (pro hac vice to be filed)
Ryan Caughey (pro hac vice to be filed)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jsouthwick@susmangodfrey.com
rcaughey@susmangodfrey.com

*Attorneys for Plaintiff Veeva Systems Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEEVA SYSTEMS INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>H1INSIGHTS, INC.,<br><br>        Defendant. | Case No.<br><br>**VEEVA SYSTEMS INC.'S VERIFIED COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiff Veeva Systems, Inc. files this verified application for a temporary restraining order and preliminary injunction against H1Insights, Inc. H1Insights has engaged in trademark infringement, unfair competition, false advertising, and other violations of federal and California law. Veeva seeks a temporary restraining order and preliminary injunction because H1Insights' blatant trademark infringement and manifestly false statements are causing Veeva to suffer irreparable injury.

1.   This action arises from defendant H1Insights' repeated and knowing infringement of Veeva's "Veeva" trademarks and trade name as well H1Insights' false advertising relating to the nature of its relationship with Veeva.

2.   Without authorization, H1Insights is using (and has repeatedly used) Veeva's well-known trademark "Veeva" and trade name in communications with and advertisements directed at Veeva's actual and potential customers. H1Insights has continued to do so even though Veeva has sent multiple cease-and-desist letters demanding that H1Insights stop its infringement.

3.   H1Insights has caused, and is likely to continue to cause, confusion that Veeva is the source or sponsor of H1Insights' products or services, or that there is an association between Veeva and H1Insights. In addition, H1Insight's acts are causing, or are likely to cause, dilution of the "Veeva" trademark and trade name.

4.   Veeva seeks injunctive relief under the Lanham Act (15 U.S.C. §§ 1051-1127 et seq.), federal false designation of origin law (15 U.S.C. § 1125(a)), California Business and Professions Code §§ 14245, 14247, and 17200, and the common law doctrines of passing off and unfair competition.

**JURISDICTION AND VENUE**

5.   This Court has personal jurisdiction over H1Insights because it conducts business in the State of California and, on information and belief, within the Northern District of California.

6.   This Court has jurisdiction over this lawsuit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Veeva's claims are, in part, based on violations of the Lanham

COMPLAINT

Case No.

1  Act, as amended, 15 U.S.C. §§ 1051-1127. The Court has jurisdiction over the state law claims

2  pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3      7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Plaintiff Veeva is

4  headquartered in this district, and a substantial part of the events and injury giving rise to the

5  claims set forth herein occurred in this district. On information and belief, H1Insights promotes

6  its infringing products and services and uses infringing marks in the Northern District of

7  California, including via the internet.

8                          **INTRADISTRICT ASSIGNMENT**

9      8.   Pursuant to Civil L.R. 3-2(c), this action is to be assigned on a district-wide basis

10 because it is an intellectual property action.

11                                **THE PARTIES**

12     9.   Plaintiff Veeva is a publicly traded Delaware corporation that has its principal place of

13 business at 4280 Hacienda Drive, Pleasanton, California 94588. Veeva is widely recognized as a

14 leader in providing software and data solutions to life sciences customers. Veeva's products and

15 services are sold worldwide and throughout the United States, including in the Northern District

16 of California.

17     10. Upon information and belief, H1Insights is incorporated in Delaware and has a

18 principal place of business at 2 Park Avenue, Suite 302, New York, New York 10016. Upon

19 information and belief, H1Insights operates a website at www.h1insights.com, and it has

20 customers in California and targets consumers within the Northern District of California.

21                           **FACTUAL BACKGROUND**

22 **Veeva's Business and Marks**

23     11. Veeva is a is a well-known cloud-computing company focused on pharmaceutical and

24 life sciences industry applications. Veeva is publicly traded on the New York Stock Exchange

25 under the ticker symbol VEEV.

26

27

28

12. Veeva markets various leading-edge software products, which have a wide variety of applications in the life sciences industry. Veeva also offers market-leading data products and services, among other offerings.

13. Veeva has long used "Veeva" as a trademark and service mark to identify its entire line of products and services. Veeva also uses its well-recognized trade name to identify its entire line of products and services. Veeva has used its marks and trade name continuously since 2007. Veeva has built the strength of its marks and trade name on the basis of the sustained excellence of its products and services.

14. Veeva is the market-leading provider of CRM software for the life sciences industry (its product is "Veeva CRM"). Two of Veeva's other offerings are Veeva KOL Data and Veeva Oncology Link. These products provides customers with critical, dynamically updated information regarding "key opinion leaders," so that life sciences customers can streamline the process of identifying and approaching important stakeholders of their businesses. Veeva markets Veeva KOL Data and Veeva Oncology Link to the world's major pharmaceutical companies, among other life sciences entities. *See* Exhibit 1 (Declaration of K. Peck).[1]

15. Veeva uses "Veeva" as its "house mark" on or in connection with essentially every product and service it sells. Veeva also regularly uses its "Veeva" mark and trade name in conjunction with other generic terms as the name of a particular product or service. For example, Veeva offers "Veeva CRM," a cloud-based customer relationship management software platform. Thus, customers are accustomed to seeing the "Veeva" mark combined with generic terms to identify products and services that originate from Veeva.

16. Veeva is the owner of U.S. trademark registration numbers 3,708,628 (the "'628 registration") and 4,578,539 (the "'539 Registration") for the mark "Veeva." The '628 registration identifies, among other goods and services, Veeva's "software as a service (SAAS)," which includes Veeva's core products such as Veeva CRM. The '628 mark "consists of standard characters without claim to any particular font, style, size, or color." The '539 registration is for

---

[1] Ms. Peck's declaration verifies the material factual assertions in this pleading.

COMPLAINT

Case No.

Veeva's "software as a service (SAAS) … in the fields of customer relationship management (CRM), marketing programs, regulated content management, and life sciences clinical trial document collection, management, and analysis." Copies of these registrations are attached as Exhibits 2 and 3. Veeva has also registered the "Veeva" mark in Europe, under European Union Registration Nos. 10,248,375 and 1,235,543.

17. Through extensive use of its marks and trade name, Veeva also owns common law trademark rights in the "Veeva" name and mark, and its family of "Veeva"-formative trademarks and service marks, for all of the products and services and activities identified herein.

18. As a consequence of the extensive sales, advertising, promotion, and use of the "Veeva" mark, Veeva has developed strong recognition for its products and services under the "Veeva" mark and has acquired and enjoys a valuable reputation and strong goodwill under the "Veeva" mark. The "Veeva" mark is known around the world and is a "famous" mark.

**H1Insights' Trademark Infringement, False Designation, and False Advertising**

19. H1Insights is a company that offers life sciences customers data-driven products and services designed to facilitate connections among healthcare and life sciences companies and professionals.

20. Part of H1Insights' business is to offer data-driven solutions that help customers identify key opinion leaders in the healthcare space. This focus on key opinion leaders led H1Insights to partner with Veeva, in particular with respect to H1Insights' "key opinion leaders" data and Veeva's CRM business.

21. H1Insights joined Veeva's partner program in August 2018, with the original intent to integrate its key opinion leaders data into Veeva CRM. H1Insights and Veeva signed a Technology Partner Agreement effective August 15, 2018.

22. Section 1.4 of the Technology Partner Agreement explicitly provided that Veeva would continue to own its own marks, trade names, and "other indicia of source," and that "[u]pon termination or expiration of this Agreement, each party shall discontinue all use of the other party's Marks":

1.4. <u>Trademarks and Trade Names</u>. Each party acknowledges and agrees that (i) Partner owns all right, title and interest in and to the trademarks, trade names, service marks, trade dress, logos and other indicia of source ("Marks") of Partner, and all Intellectual Property rights therein and (ii) Veeva owns all right, title and interest in and to the Veeva Marks, and all Intellectual Property rights therein. Any benefit and goodwill accruing from the usage of such names and logos shall belong to the owner. Except as expressly agreed between the parties and as set forth in the Program Spec Sheet, the parties will have no other rights to use the name and logo of the other party and neither party grants title, right or interest in any Marks to the other party under this Agreement. Upon approval in advance by the other party, (a) party may use the other party's Marks in sales, marketing, web and press materials to indicate to customers and prospects that the parties have integrated their products and services as described herein. Each such use of the other party's name or Marks, including in any advertising, marketing materials, press releases, web pages, or sales materials shall be approved in writing in advance by the other party and such approval shall not be unreasonably withheld or delayed. Either party shall immediately change or discontinue any use of the other's Marks as requested by the other party. Upon termination or expiration of this Agreement, each party shall discontinue all use of the other party's Marks.

23. Section 6.1 of the Agreement provides that Veeva "may seek emergency equitable relief at any time."

24. At the end of the Agreement's term, effective August 14, 2019, H1Insights' partnership with Veeva terminated because H1Insights did not renew its payment of Veeva's partnership fees. H1Insights no longer had any right to use any of Veeva's marks, trade names, or other "indicia of source." In particular, H1Insignts was not authorized to suggest that it had any relationship or partnership with Veeva with respect to "key opinion leaders," Veeva CRM, or anything else.

25. In January 2020, H1Insights asked to again partner with Veeva and execute a new agreement, but Veeva rejected H1Insights' proposal.

26. In February 2020—six months after H1Insights' relationship with Veeva ceased—H1Insights persisted in improperly using the "Veeva" trademark and trade name on its website. H1Insights had no authorization to use any of Veeva's marks.

27. On March 4, 2020, Veeva sent H1Insights a letter demanding that H1Insights cease using Veeva's marks and cease making false claims about a Veeva partnership. Attached as Exhibit 4 is a copy of Veeva's March 4 cease-and-desist letter.

28. On March 5, 2020, H1Insights asserted that it had removed improper references to the "Veeva" mark from its website.

29. In mid-June 2020, Veeva discovered that H1Insights again placed deceptive information about its relationship with Veeva on its website and improperly used Veeva's mark and trade name.

30. On June 25, 2020, Veeva sent H1Insights a second letter demanding that H1Insights cease its trademark infringement and false advertising. Attached as Exhibit 5 is a copy of Veeva's June 25 cease-and-desist letter.

31. While Veeva waited for H1Insights to respond to its second cease-and-desist letter, Veeva discovered that on July 7, 2020, H1Insights had sent an email that willfully misled current and prospective customers of Veeva and H1Insights. In its email that displayed Veeva's registered mark, H1Insights asserted falsely that "Veeva CRM has chosen H1Insights to be their official Key Opinion Leader management platform." H1Insights knew that statement to be false, and it was made without authorization. Upon information and belief, H1Insights' July 7 email had many recipients. Attached as Exhibit 6 is a copy of H1Insights' July 7 email.

32. Upon information and belief, at least one prospective customer has been deceived by H1Insights' July 7 email, and Veeva has lost business as a result.

## <u>COUNT I</u>

### **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

33. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1 through 32 of this Complaint.

34. H1Insights either had actual notice and knowledge, or had constructive notice, of Veeva's ownership and registrations of the "Veeva" mark pursuant to 15 U.S.C. §1072 before H1Insights' adoption and use of "Veeva" trademarks and trade name.

35. On information and belief, H1Insights was aware of Veeva's business and its "Veeva" mark and registrations prior to the adoption and use of Veeva's trademarks and trade name.

36. On information and belief, H1Insights, without Veeva's consent, deliberately adopted "Veeva" trademarks and the Veeva trade name in connection with H1Insights' new products and services in an attempt to trade on the goodwill, reputation, and selling power established by Veeva under the "Veeva" mark and Veeva's trade name.

37. H1Insights' unauthorized use of "Veeva" marks and trade names falsely indicates to consumers that H1Insights' products and services are in some manner connected with, sponsored by, affiliated with, or related to Veeva and its products and services.

38. H1Insights' unauthorized use of "Veeva" trademarks and the Veeva trade name is also likely to cause consumers to be confused as to the source, nature, and quality of the products and services H1Insights is promoting or selling.

39. H1Insights' unauthorized use of "Veeva" trademarks and the Veeva trade name in connection with the sale of its products and services allows, and will continue to allow, H1Insights to receive the benefit of the goodwill established at great labor and expense by Veeva and to gain acceptance of H1Insights' products and services, not based on the merits of those products and services, but on Veeva's reputation and goodwill.

40. H1Insights' unauthorized use of "Veeva" trademarks and the Veeva trade name in connection with the sale of its products and services deprives Veeva of the ability to control the consumer perception of the quality of the products and services marketed under the "Veeva" mark and Veeva trade name, and places Veeva's valuable reputation and goodwill in the hands of H1Insights, over which Veeva has no control.

41. H1Insights has caused confusion and is likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. § 1114.

42. Veeva has been, is now, and will be irreparably injured by H1Insights' trademark infringement, and unless enjoined by the Court, Veeva will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which Veeva has no adequate remedy at law.

1

2

3

**COUNT II**

**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125(A)(1)(A))**

4       43. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1

5    through 42 of this Complaint.

6       44. H1Insights' unauthorized uses of "Veeva" trademarks and the Veeva trade name

7    falsely suggest that its products and services are connected with, sponsored by, affiliated with, or

8    related to Veeva, and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

9       45. Veeva has been, is now, and will be irreparably injured by H1Insights'

10   aforementioned acts, and unless enjoined by the Court, Veeva will suffer further harm to its

11   name, reputation and goodwill. This harm constitutes an injury for which Veeva has no adequate

12   remedy at law.

13

14

**COUNT III**

**FALSE ADVERTISING (15 U.S.C. § 1125(A)(1)(B))**

15      46. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1

16   through 45 of this Complaint.

17      47. H1Insights has made false and misleading statements of fact with respect to its

18   relationship with Veeva and/or authorization to distribute and sell Veeva products.

19      48. Such false and misleading statements have actually deceived and/or have a tendency

20   to deceive Veeva's current and prospective customers and/or the general public.

21      49. H1Insights' false and misleading statements are material.

22      50. H1Insights has made such false and misleading statements with respect to its

23   relationship with Veeva and its authorization to distribute and sell Veeva-related products in

24   interstate commerce to current and prospective customers.

25      51. Veeva has been damaged by H1Insights' false and misleading statements and, unless

26   this conduct is enjoined, Veeva's goodwill and reputation will continue to suffer irreparable

27   injury that cannot adequately be calculated or compensated by money damages.

28

8

Case No.

## COUNT IV

### TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW

### (CAL. BUS. & PROF. CODE § 14245)

52. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1 through 51 of this Complaint.

53. H1Insights' unauthorized use of "Veeva" trademarks in connection with the sale, offering for sale, distribution, or advertising of its products and services is likely to cause confusion or mistake or to deceive as to the source or origin of its products and services in violation of Cal. Bus. & Prof. Code § 14245.

54. H1Insights' infringement has been with knowledge of Veeva's rights.

55. Veeva has been, is now, and will be irreparably injured and damaged by H1Insights' aforementioned acts, and unless enjoined by the Court, Veeva will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which Veeva has no adequate remedy at law.

## COUNT V

### INJURY TO BUSINESS REPUTATION AND DILUTION UNDER CALIFORNIA LAW

### (CAL. BUS. & PROF. CODE § 14247)

56. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1 through 55 of this Complaint.

57. H1Insights' unauthorized use of the "Veeva" trademarks and the Veeva trade name is likely to injure Veeva's business reputation, and has diluted, and/or is likely to dilute, the distinctive quality of the "Veeva" mark and trade name in violation of the California Business and Professions Code § 14247.

58. H1Insights willfully intended to trade on Veeva's image and reputation and to dilute the "Veeva" mark and trade name, acted with reason to know, or was willfully blind as to the consequences of its actions.

9

59. H1Insights' wrongful acts have caused and will continue to cause Veeva irreparable harm. Veeva has no adequate remedy at law for H1Insights' dilution.

60. Veeva is therefore entitled to a judgment enjoining and restraining H1Insights from engaging in further acts of dilution pursuant to California Business and Professions Code § 14247.

**COUNT VI**

**UNFAIR COMPETITION UNDER CALIFORNIA LAW**

**(CAL. BUS. & PROF. CODE § 17200 *et seq.*)**

61. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1 through 60 of this Complaint.

62. H1Insights' acts described above constitute unfair competition in violation of California Business and Professional Code § 17200 *et seq.*, as they are likely to deceive customers and the public.

63. H1Insights' acts of unfair competition have caused and will continue to cause Veeva irreparable harm. Veeva has no adequate remedy at law for H1Insights' unfair competition.

64. Veeva is entitled to a judgment enjoining and restraining H1Insights from engaging in further unfair competition.

**COUNT VII**

**FALSE ADVERTISING UNDER CALIFORNIA LAW**

**(CAL. BUS. & PROF. CODE § 17500 *et seq.*)**

65. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1 through 64 of this Complaint.

66. H1Insights' acts described above constitute false advertising in violation of California Business and Professional Code §§ 17500 *et seq*.

67. H1Insights has intentionally made false and misleading statements of fact with respect to its alleged relationship with Veeva.

Case No.

COMPLAINT

68. Such false and misleading statements have actually deceived and/or have a tendency to deceive H1Insights' and Veeva's current and prospective customers and/or the general public.

69. H1Insights' acts of false advertising have caused and will continue to cause Veeva irreparable harm including to its business reputation and goodwill.

70. Veeva has no adequate remedy at law for H1Insights' false advertising. Veeva is entitled to a judgment enjoining and restraining H1Insights from engaging in further false advertising.

## COUNT VIII

## COMMON LAW PASSING OFF AND UNFAIR COMPETITION

71. Veeva realleges and incorporates by reference the matters alleged in paragraphs 1 through 70 of this Complaint.

72. H1Insights' unauthorized use of "Veeva" trademarks constitutes infringement and unfair competition of the "Veeva" mark in violation of the common law of California.

73. H1Insights' wrongful acts have caused and will continue to cause Veeva irreparable harm. Veeva has no adequate remedy at law.

74. Veeva is entitled to a judgment enjoining and restraining H1Insights from engaging in further acts of infringement and unfair competition.

## PRAYER FOR RELIEF

Veeva prays for relief as follows:

   a. Entry of an order and judgment requiring that H1Insights and its officers, agents, servants, employees, owners and representatives, and all other persons, firms, or corporations in active concert or participation with it, be enjoined and restrained from (a) using in any manner the "Veeva" mark, or any name, mark, or domain name that wholly incorporates the "Veeva" mark or is confusingly similar to or a colorable imitation of this mark to advertise or sell Defendant's products as being in partnership with, sponsored by, endorsed by, or affiliated with Veeva, including, for example, "That's why Veeva CRM has chosen H1. to be their official Key

Case No.

COMPLAINT

1    Opinion Leader management platform"; (b) doing any act or thing calculated or

2    likely to cause confusion or mistake in the minds of members of the public, or

3    prospective customers of Veeva's products or services, as to the source of the

4    products or services offered for sale, distributed, or sold, or likely to deceive

5    members of the public, or prospective customers, into believing that there is some

6    connection between H1Insights and Veeva; and (c) committing any acts which will

7    tarnish, blur, or dilute, or likely to tarnish, blur, or dilute the distinctive quality of

8    the famous "Veeva" mark;

9    b.   A judgment ordering H1Insights, pursuant to 15 U.S.C. § 1116(a), to file with this

10        Court and serve upon Veeva within 30 days after entry of the injunction, a report

11        in writing under oath setting forth in detail the manner and form in which

12        H1Insights has complied with the injunction, ceased all offering of products and

13        services under "Veeva" trademarks as set forth above;

14   c.   A judgment ordering H1Insights, pursuant to 15 U.S.C. § 1118, to within 30 days

15        after entry of the injunction, (1) serve upon Veeva a list of all recipients of

16        communications from H1Insights after August 14, 2019 that purport to state or

17        suggest, in any way, that H1Insights is the "official KOL platform for Veeva

18        CRM" or is Veeva's partner in any sense; and (2) serve upon Veeva proof of

19        correction of all statements to recipients of communications from H1Insights after

20        August 14, 2019 that purport to purport to state or suggest, in any way, that

21        H1Insights is the "official KOL platform for Veeva CRM" or Veeva's partner in

22        any sense.

23

24

25

26

27

28

Case No.

COMPLAINT

1

2

Dated: July 17, 2020                        Respectfully submitted,

3

4

By:   ___/s/  Oleg Elkhunovich_____

5

Oleg Elkhunovich (269238)
Michael Gervais (330731)

6

SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029

7

Telephone: (310) 789-3193
Facsimile: (310) 789-3150

8

oelkhunovich@susmangodfrey.com
mgervais@susmangodfrey.com

9

James T. Southwick (pro hac vice to be filed)

10

Ryan Caughey(pro hac vice to be filed)
SUSMAN GODFREY L.L.P.

11

1000 Louisiana, Suite 5100

12

Houston, Texas 77002-5096
Telephone: (713) 651-9366

13

Facsimile: (713) 654-6666
jsouthwick@susmangodfrey.com

14

rcaughey@susmangodfrey.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                                                                    COMPLAINT